ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Petitioner,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent. | No. 22-1164<br>consolidated with<br>Nos. 22-1210, 22-1164,<br>22-1225, 22-1227, 22-1228,<br>22-1229, 22-1230, 22-1231 |

**JOINT MOTION OF CENTER FOR BIOLOGICAL DIVERSITY AND UNITED STATES ENVIRONMENTAL PROTECTION AGENCY TO SEVER AND HOLD *CENTER FOR BIOLOGICAL DIVERSITY V. ENVIRONMENTAL PROTECTION AGENCY,* CASE NO. 22-1164 IN ABEYANCE**

Petitioner Center for Biological Diversity (Center) and Respondent the U.S. Environmental Protection Agency (EPA) (collectively "the Parties") respectfully request that this Court sever *Center for Biological Diversity v. EPA*, Case No. 22-1164 (hereinafter "Case No. 22-1164"), from the remainder of the consolidated cases identified above. The Center and EPA further request that the Court hold Case No. 22-1164 in abeyance until February 14, 2023, with a motion to govern due on that date. Case No. 22-1164 involves unique factual and legal issues

not raised in the remaining cases, which the Parties believe they may be able to resolve amicably and without judicial intervention. The Parties make this request in order to facilitate their ongoing settlement negotiations. EPA requested the positions of the other parties and movant-intervenors in the consolidated cases on this motion and summarizes those responses below in paragraph nine.

In support of this request, the Center and EPA state as follows.

1. The consolidated cases challenge the EPA action entitled "Renewable Fuel Standard (RFS) Program: RFS Annual Rules," published in the Federal Register on July 1, 2022, 87 Fed. Reg. 39,600 (July 1, 2022) (hereinafter, "2020–2022 RFS Annual Rule"). EPA promulgated this rule pursuant to Section 211(*o*) of the Clean Air Act (CAA), 42 U.S.C. § 7545(*o*), establishing EPA's renewable fuel standard (RFS) program. The 2020–2022 RFS Annual Rule implements a statutory requirement to establish nationally applicable renewable fuel volume targets and compliance standards for obligated parties (refiners and importers) for the 2020 through 2022 compliance years. Beyond establishing the volume targets and compliance standards for these

2

years, the 2020–2022 RFS Annual Rule also finalized several other regulatory changes to the RFS program.

2.　　Although all of the consolidated cases challenge EPA's promulgation of the 2020–2022 RFS Annual Rule, only Case No. 22-1164 challenges the rule on the ground that EPA failed to comply with its obligations under the Endangered Species Act (ESA), 16 U.S.C. § 1536(a)(2).

3.　　Refiners and renewable fuel producers have filed a total of seven additional petitions for review, assigned Case Nos. 22-1210, 22-1225, 22-1227, 22-1228, 22-1229, 22-1230, 22-1231.  *See* Doc. Id. Nos. 1959817, 1961438, 1961395, 19618550, 1961859, 1961704, and 1961627.  The Court consolidated these seven subsequent Petitions with Case No. 22-1164 by orders dated August 19, 2022, *see* Doc. Id. No. 1959986; August 30, 2022, *see* Doc. Id. Nos. 1961400, 1961449; and September 1, 2022, *see* Doc. Id. Nos. 1961700, 1961810, 1961864.  Based on the statements of issues the other petitioners have already filed, the remainder of the consolidated cases appear to address the substance of the 2020–2022 RFS Annual Rule, *i.e.*, the renewable fuel volume targets

set by the rule. None of the remaining consolidated cases appear to raise an ESA issue.

4.  On September 27, 2022, the Center filed a Motion for Summary Vacatur. Doc. Id. No. 1966328. The Court previously granted EPA's unopposed motion to extend the associated briefing deadlines. Doc. Id. No. 1967641. The Court granted a second request by EPA to further extend those briefing deadlines based on EPA's representation that the Parties were in active settlement negotiations to resolve Case No. 22-1164. Doc. Id. Nos. 1969095 & 1970819. At present, any responses to the Motion for Summary Vacatur are due December 2, 2022, and any reply is due December 16, 2022. Doc. Id. No. 1970819. There are no other dispositive motions pending in any of the remaining consolidated cases.

5.  The Parties now jointly request that the Court sever Case No. 22-1164 from the remainder of the consolidated cases identified above and hold Case No. 22-1164 in abeyance until February 14, 2023. The Parties propose to file a motion to govern on that date. The Parties further request that either party be able to move to reinstate the litigation at any time, after consultation with the other party.

6. There is good cause to sever Case No. 22-1164 and to hold it in abeyance. EPA and the Center are now actively engaged in settlement discussions to resolve Case No. 22-1164 and have made significant progress towards a proposed settlement. Active litigation of Case No. 22-1164 at this time, particularly the Motion for Summary Vacatur, would disrupt ongoing settlement negotiations.

7. Given the Parties' progress in their settlement negotiations, it is both unnecessary and potentially a waste of the Court's and the Parties' resources to litigate the issues raised by Case No. 22-1164 at this juncture. Severing this case and granting abeyance would promote judicial efficiency, conserve resources, and avoid potentially unnecessary litigation.

8. Severing this case and holding Case No. 22-1164 in abeyance will not affect any other deadline in the other consolidated cases, as the schedule for merits briefing has not yet been set. Nor will severing Case No. 22-1164 and placing it in abeyance prejudice parties in the other consolidated cases. Case No. 22-1164 raises issues regarding EPA's compliance with section 7(a)(2) of the ESA and related issues pertaining to ESA-listed species and critical habitats, issues that have

5

not been expressly raised or disputed by any other petitioners in the other consolidated cases. Because Case No. 22-1164 involves unique issues, severing Case No. 22-1164 would allow the remaining consolidated cases to proceed more expeditiously while the Case No. 22-1164 Parties negotiate settlement of that matter. As a result, the grant of an abeyance in this case will not prevent, and would likely promote, the timely resolution of the other challenges to the EPA rule at issue, which will be governed by a separate briefing schedule to be established by the Court.

9. Undersigned counsel for EPA requested the positions of the other parties to this motion, and provide those responses below:

Petitioners Iogen Corp. *et alia* in Case No. 22-1225 do not oppose this motion. Petitioner American Fuel & Petrochemical Manufacturers in Case No. 22-1227 discussed the request with undersigned counsel for EPA, but was not able to provide a position on this motion prior to the time of this filing. The following Petitioners take no position at this time but reserve the right to file a response in opposition: (a) Petitioners Sinclair Wyoming Refining Co. *et alia* in case No. 22-1210; (b) Petitioners American Refining Group *et alia* in Case No. 22-1228; (c)

Petitioner the San Antonio Refinery LLC in Case No. 22-1229; and (d) Petitioner Wynnewood Refining Co. LLC in Case No. 22-1231. Petitioners Waste Management Inc. *et alia* in Case No. 22-1230 did not respond to EPA's request for their position on this motion prior to the time of this filing.

Movant-intervenors Growth Energy and Renewable Fuels Association do not oppose this motion. Movant-intervenor American Petroleum Institute reserves both its position on the motion and its right to respond in opposition. Movant-intervenor Clean Fuels Alliance takes no position on the motion.

For the foregoing reasons, the Parties respectfully request that the Court sever Case No. 22-1164 from the consolidated cases identified above and hold this case in abeyance until February 14, 2023, with a motion to govern due on that date.

Dated: November 18, 2022

>Respectfully submitted,
>
>*/s/ Jason C. Rylander (by consent)*
>Margaret A. Coulter
>(DC Bar No. 1034249)
>mcoulter@biologicaldiversity.org
>(202) 961-4820

Jason C. Rylander
(DC Bar No. 474995)
jrylander@biologicaldiversity.org
(202) 744-2244

CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street NW, Suite 1300
Washington, DC 20005

*Attorneys for Petitioner Center for Biological Diversity*


TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources
  Division

  /s/ John H. Martin
CAITLIN MCCUSKER
KIMERE J. KIMBALL
U.S. Department of Justice
Environment and Natural Resources
  Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1950
caitlin.mccusker@usdoj.gov
kimere.kimball@usdoj.gov

JOHN H. MARTIN
Wildlife & Marine Resources Section
999 18th St., South Terrace Suite 370
Denver, CO 80202
john.h.martin@usdoj.gov

8

(303) 844-1383

*Attorneys for Respondent EPA*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2) because it contains 1,164 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

*/s/ John H. Martin*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ John H. Martin*